An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMOTHY FASANO; AND REBECCA LYNN FASANO, HUSBAND AND WIFE,
Appellants,
vs.
THE HONORABLE DAVID A. HUFF, CHURCHILL COUNTY DISTRICT COURT JUDGE; THE HONORABLE LEON ABERASTURI, CHURCHILL COUNTY DISTRICT COURT JUDGE; NEVADA COMMISSION ON JUDICIAL DISCIPLINE; THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER/RENO; CHRISTIAN-KRAVITZ, LLC; AND JAMES F. SLOAN,
Respondents.

No. 60780

FILED

JUN 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing appellant's complaint. Tenth Judicial District Court, Churchill County; Robert E. Rose, Judge.

Appellants were plaintiffs in actions before respondent Judge David A. Huff from 2007 to 2009 and before respondent Judge Leon Aberasturi in 2010. The litigation in the cases ended adversely to appellants. Afterwards, appellants discovered that certain opposing attorneys in those cases had donated to Judge Huff's or Judge Aberasturi's reelection campaigns. Based on the campaign contributions, appellants filed a motion to disqualify Judge Huff and later filed a complaint against Judges Huff and Aberasturi with the Nevada Commission for Judicial Discipline. After their motion to disqualify Judge Huff was denied and the

13-17606

Commission declined to take action against the judge, appellants filed the underlying lawsuit alleging various tort causes of action. All respondents moved to dismiss appellants' complaint, and the district court granted the motions to dismiss and awarded costs and attorney fees to the Commission. Appellants appeal.

"A district court order granting an NRCP 12(b)(5) motion to dismiss is subject to rigorous appellate review." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009). When reviewing a motion to dismiss, this court accepts the factual allegations in the complaint as true and draws reasonable inferences in favor of the plaintiffs, "but the allegations must be legally sufficient to constitute the elements of the claim asserted." *Id.*

Parties cannot collaterally attack the conduct of judges in one action by filing a separate action; the judge is immune from suit. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 346-47 (1871); *Duff v. Lewis*, 114 Nev. 564, 568-69, 958 P.2d 82, 85 (1998). Judicial immunity also applies to the Commission when it acts in furtherance of its official functions. NRS 1.465; *Whitehead v. Nev. Comm'n on Judicial Discipline*, 110 Nev. 128, 159-60, 906 P.2d 230, 249-50 (1994); *see also Butz v. Economou*, 438 U.S. 478, 511-12 (1978); *Salman v. Nev. Comm'n on Judicial Discipline*, 104 F. Supp. 2d 1262, 1267 (2000). Thus, we conclude that Judges Huff and Aberasturi and the Commission are immune from suit and were properly dismissed from this case.

As to the respondent attorneys and law firms, appellants failed to state a claim against them. The Nevada Rules of Professional Conduct (NRPC) do not provide a duty of disclosure of campaign contributions to opposing parties or a private right of action against

cc:   Chief Judge, the Tenth Judicial District
      Hon. Robert E. Rose, Senior Justice
      Rebecca Lynn Fasano
      Timothy Fasano
      Kravitz, Schnitzer, Sloane & Johnson, Chtd.
      Attorney General/Carson City
      James F. Sloan
      Woodburn & Wedge
      Lemons, Grundy & Eisenberg
      Churchill County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

5